UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 19-2306-MWF (AFMx) | **Date:**  August 19, 2019 |
| **Title:**  Matthew Hogan v. Matthew J. Weymouth, et al. | |

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):**  ORDER RE: SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION [14]; MOTION TO DISMISS PLAINTIFF'S FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION [15]

Before the Court are two motions filed by Defendants Beasley Media Group, LLC ("Beasley") and Melissa Eannuzzo's on June 3, 2019:

First, there is the Special Motion to Strike Plaintiff's First, Second, Third, and Fourth Causes of Action (the "Motion to Strike").  (Docket No. 14).

Second, there is the Motion to Dismiss Plaintiff's First, Second, Third, and Fourth Causes of Action (the "Motion to Dismiss").  (Docket No. 15).

Plaintiff Matthew Hogan filed two Oppositions on July 1, 2019.  (Docket Nos. 29–30).  Defendants filed their Replies on July 15, 2019.  (Docket Nos. 31–32).

The two motions were noticed to be heard on July 29, 2019.  The Court read and considered the papers on the two motions and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the two motions are ruled upon as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-2306-MWF (AFMx)          Date: August 19, 2019
Title:     Matthew Hogan v. Matthew J. Weymouth, et al.

- The Motion to Dismiss is **GRANTED** *with leave to amend* as follows:

  - **GRANTED** *with leave to amend* as to Plaintiff's defamation claim. The minor inaccuracies in the statements Defendants made do not amount of falsity because there remains substantial truth to the statements Defendants made;

  - **GRANTED** *with leave to amend* as to Plaintiff's public disclosure of private facts claim. Plaintiff's text messages were in the public domain prior to their discussion in an article and a radio show and, thus, do not constitute "private facts";

  - **GRANTED** *with leave to amend* as to Plaintiff's false light claim. Plaintiff's false light claim is duplicative of his defamation claim and fails for many of the same reasons; and

  - **GRANTED** *with leave to amend* as to Plaintiff's intentional infliction of emotional distress claim. Plaintiff provides no specific allegations to support his assertion that Defendants' conduct was extreme or outrageous.

- The Motion to Strike is **DENIED** *as moot*.

I.    **BACKGROUND**

     A.    **Factual Background**

On March 27, 2019, Plaintiff commenced this action. (*See generally* Complaint (Docket No. 1)).

The Complaint contains the following allegations:

Plaintiff resides in Los Angeles and, until recently, worked for the Los Angeles Rams as a ticket sales account executive. (*Id.* ¶ 2). Beasley, a Delaware corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2306-MWF (AFMx)                                  Date:  August 19, 2019
Title:     Matthew Hogan v. Matthew J. Weymouth, et al.

with its principle place of business in Florida, owns and operates the radio station Hot 96.9 Boston ("Hot 96.9"), the website www.hot969boston.com, and the Twitter accounts @HOT969Boston and @GetUpCrew969.  (*Id*. ¶ 7).  Ms. Eannuzzo, a citizen of Massachusetts and employed by Beasley, is a radio personality on Hot 96.9 and writes and operates "Melissa's Blog" on Hot 96.9's behalf.  (*Id*. ¶ 8).

On February 3, 2019, the Los Angeles Rams and the New England Patriots played each other in Super Bowl LIII.  (*Id*. ¶ 16).  In the third quarter of the game, non-moving Defendant Patrick Chung, a player for the Patriots, injured his arm.  (*Id*. ¶¶ 24, 31).  In response to Mr. Chung's injury, Plaintiff sent a text message to non-moving Defendant Matthew J. Weymouth—Plaintiff's friend and an employee of the Patriots—insulting Mr. Chung.  (*Id*. ¶¶ 27, 34).  Mr. Weymouth reposted this text message on Mr. Chung's Instagram account under the guise that it was Mr. Chung, not Mr. Weymouth, to whom the text message was sent.  (*Id*. ¶¶ 34–36).

Later on the same day, Ms. Eannuzzo published an article on "Melissa's Blog" called, "Patrick Chung Goes After Rams Executive Who Mocked His Injury."  (*Id*. ¶ 48).  The article quoted the comment made under Mr. Chung's Instagram post and stated that the exchange was "between [Mr. Chung] and [Plaintiff]" and "started with [Plaintiff] calling [Mr. Chung] a 'b**ch.'"  (*Id*.).  Five days later, on February 8, 2019, Ms. Eannuzzo stated on the Hot 96.9 podcast that "someone from the Ram's front office" had texted Mr. Chung directly and that the responding texts and Instagram comment had been posted by Mr. Chung himself.  (*Id*. ¶ 49).

Plaintiff alleges the story told by Ms. Eannuzzo and Beasley is "false in a number of ways."  (*Id*. ¶ 51).  First, Plaintiff asserts that he was "not a Rams executive" as the article portrayed him to be but a "ticket sales account executive."  (*Id*.).  Second, Plaintiff "did not send the text to [Mr.] Chung as a taunt" but to his friend Mr. Weymouth "as a joke to be understood in the context of their ongoing trash talk."  (*Id*.).  Finally, Plaintiff did "not know that [Mr. Chung's injury referred to in the text] was serious."  (*Id*.).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-2306-MWF (AFMx) | Date:  August 19, 2019 |
| Title:    Matthew Hogan v. Matthew J. Weymouth, et al. | |

Plaintiff alleges that as a result of this story, he was "forced from his job, has been turned down for other job opportunities, and remains unemployed." (*Id.* ¶ 57). Plaintiff has also "received harassing messages and has been subjected to scorn, hatred, ridicule, and contempt on social media and elsewhere." (*Id.* ¶ 59). Finally, Plaintiff has "suffered emotional distress, impairment to his reputation and standing in the community, personal humiliation, shame, and disgrace." (*Id.*).

Plaintiff asserts four claims for relief against Beasley and Ms. Eannuzzo: (1) defamation; (2) public disclosure of private fact; (3) false light; and (4) intentional infliction of emotional distress. (*Id.* ¶¶ 62–93).

### B. Request for Judicial Notice

Along with the two motions, Defendants request that the Court take judicial notice of the podcast segment discussing Mr. Chung's Instagram post, his arm injuries, and the Patriots' dedication of the second half of the Super Bowl to Mr. Chung. (Request for Judicial Notice ("RJN") (Docket No. 17)).

Plaintiff does not oppose the RJN. The Court, however, does not rely on the information in the RJN in ruling on the two motions and would reach the same rulings regardless of whether it considered the RJN. Accordingly, the RJN is **DENIED** *as moot*.

## II. MOTION TO DISMISS

### A. Legal standard

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2306-MWF (AFMx)          Date:  August 19, 2019
Title:      Matthew Hogan v. Matthew J. Weymouth, et al.

legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

      The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

     **B.**     **Discussion**

      Through the Motion to Dismiss, Defendants argue that that all four claims against them should be dismissed for failure to state a claim. (Mot. to Dismiss at 4–11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-2306-MWF (AFMx) | Date:  August 19, 2019 |
| Title:     Matthew Hogan v. Matthew J. Weymouth, et al. | |

### 1. Defamation

To prevail on a claim of defamation, Plaintiff must prove that Defendants' remarks were (1) false; (2) defamatory; (3) unprivileged; (4) had a natural tendency to injure or cause special damage; and (5) were published, *i.e.* communicated to a third party.  *See Taus v. Loftus*, 40 Cal. 4th 683, 720, 54 Cal. Rptr. 3d 775 (2007).  "Truth is a complete defense to defamation." *Terry v. Davis Community Church*, 131 Cal. App. 4th 1534, 1553, 33 Cal. Rptr. 3d 154 (2005).  Additionally, even if portions of the allegedly defamatory material are inaccurate, "minor inaccuracies do not amount of falsity so long as the substance, the gist, the sting, of the libelous charge can be justified." *Masson v. New Yorker Magazine, Inc*, 501 U.S. 496, 517 (1991).

Here, Defendants argue that Plaintiff's defamation claim fails because the statements made on the podcast and "Melissa's Blog" were substantially true.  (Mot. to Dismiss at 4–6).  Defendants contend that "Plaintiff cannot show that calling him a "Rams Executive . . . is materially false" because Plaintiff alleges that he is one of the ticket sales account executives.  (*Id.* at 5 (citing Compl. ¶ 7)).  Defendants further argue that the gist of the article and podcast was that Plaintiff called Mr. Chung a derogatory term because of his injury and that "sending texts such as those sent by Plaintiff about someone who just broke their arm was disrespectful." (*Id.*).  According to Defendants, "whether [Plaintiff] made them [these comments] to [Mr.] Chung or [Mr.] Weymouth does not change the effect of the content of the text messages in the mind of the reader." (*Id.* at 6).

In opposition, Plaintiff contends that Defendants wrongfully attributed certain statements to him "by claiming that he sent a demeaning text to Mr. Chung when he did not." (Opp. to Motion to Dismiss at 3).  Plaintiff argues that Defendants' "falsehoods created a very different effect on the reader's mind than the truth," that "a random fan [*i.e.*, Plaintiff] texted another [*i.e.*, Mr. Weymouth] while watching the game." (*Id.* at 5).  Instead of this "mundane" truth, Defendants "went with a story that the Los Angeles Rams taunted an injured player to his face." (*Id.*).  According to Plaintiff, Defendants' statements were "at best, unprofessional and, at worst, insensitive and aggressive." (*Id.* at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2306-MWF (AFMx)                    Date:  August 19, 2019
Title:     Matthew Hogan v. Matthew J. Weymouth, et al.

The Court disagrees with Plaintiff for the following reasons:

*First*, most of Defendants' article and podcast were not statements about Plaintiff, but primarily about Mr. Chung's statements made in response to the text exchange between Plaintiff and Mr. Chung. Plaintiff, for instance, alleges that Mr. Chung posted on social media the following exchange between them:



(Compl. ¶ 34).

Defendants, in response to this exchange, then reported that Mr. Chung went after a "Rams executive who mocked his injury" and "posted and deleted a text message that [Mr. Chung] *claims* involves a Rams exec going after him for breaking his arm during the Super Bowl." (*Id.*, Exs. B, D (emphasis added)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2306-MWF (AFMx)          Date:  August 19, 2019
Title:     Matthew Hogan v. Matthew J. Weymouth, et al.

The screenshots of the article and a post on social media are as follows:




(*Id.*).

To the extent that Defendants' statements implied that Plaintiff was unprofessional, insensitive, and aggressive, those implications are statements of opinions and non-actionable.  *See, e.g.*, *Kiehn v. Stein*, No. 12-CV-6554-PJH, 2013 WL 1789718, at *3 (N.D. Cal. Apr. 26, 2013) (dismissing defamation claim and concluding that the plaintiff's allegations describing the defendants' statements as "'extremely inappropriate' and 'unprofessional' are expressions of opinion, and thus not actionable").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2306-MWF (AFMx)						Date:  August 19, 2019
Title:    Matthew Hogan v. Matthew J. Weymouth, et al.

*Second*, there are certainly some minor inaccuracies between what was reported by Defendants and what Plaintiff stated had actually occurred.  For instance, Plaintiff's actual job is a ticket sales account executive for the Rams, rather than the reported "Rams Executive" title.  As another example, Defendants reported that Plaintiff sent the text messages to Mr. Chung, rather than sending the text to Mr. Weymouth.

These inaccuracies, however, do not affect the substance of the communications, that Plaintiff called Mr. Chung a derogatory word because of his injuries in the Superbowl.  Mr. Chung then posted this exchange on social media, stating that it was "disrespectful of [Plaintiff]" and showing Plaintiff's response that he "was seriously just messing around with [Mr. Chung]."  (Compl. ¶ 34).

Defendants' reporting of Mr. Chung's post and statements are therefore not actionable.  *See, e.g.*, *Price v. Stossel*, 620 F.3d 992, 1001 (9th Cir. 2010) (concluding that "the common law principle that inaccuracies alone do not render a statement false if there remains substantial truth to what was said") (internal quotation marks and citation omitted); *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1262, 217 Cal. Rptr. 3d 234 (2017) (concluding that the Superior Court erred in denying the defendant's motion to strike the defamation claim because the defendant's social media posts about the plaintiff's relationship and plastic surgery were substantially true); *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 387, 10 Cal. Rptr. 3d 429 (2004) (noting that "when an author outlines the facts available to him, thus making it clear that the challenged statements represent his own interpretation of those facts and leaving the reader free to draw his own conclusions, those statements are generally protected by the First Amendment") (citations omitted).

*Third*, Plaintiff, citing to *Selleck v. Global International, Inc.*, 166 Cal. App. 3d 1123, 212 Cal. Rptr. 838 (1985), also argues that Defendants' "statements constitute defamation per se because no explanation is needed to make [Defendants'] defamatory meaning understood."  (Opp. to Motion to Dismiss at 3).  The Court disagrees because *Selleck* is factually distinguishable.  There, a tabloid magazine published a story containing statements attributed to the actor Tom Selleck's father that mocked the romantic character of his son.  *Id.* at 1132.  The father denied making any statements

| **CIVIL MINUTES—GENERAL** | 9 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-2306-MWF (AFMx) | Date:  August 19, 2019 |
| Title:     Matthew Hogan v. Matthew J. Weymouth, et al. | |

and sued for defamation.  *Id.* at 1123.  The Court of Appeal concluded that the statements were potentially defamatory because the tabloid "falsely ascrib[ed] statements" to the father, thereby "***imputing to the father*** a Judas-like betrayal of his son."  *Id.* at 1132–33 (emphasis added).

Here, unlike in *Selleck*, Defendants do not ascribe or attribute statements to Plaintiff that Plaintiff in fact did not make.  Plaintiff acknowledges, and alleges in the Complaint, that he made these statements about Mr. Chung.

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiff's defamation claim.

### 2. Public Disclosure of Private Facts

"The elements for a claim of invasion of privacy based on the public disclosure of private facts are as follows: (1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern."  *Catsouras v. Dep't of Cal. Highway Patrol*, 181 Cal. App. 4th 856, 868, 104 Cal. Rptr. 3d 352 (2010).  The facts disclosed must be private facts, and not public ones, because "[a] matter that is already public or that has previously become part of the public domain ***is not private***."  *Moreno v. Hanford Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1130, 91 Cal. Rptr. 3d 858 (2009) (emphasis added).

Here, Defendants argue, and the Court agrees, that because Plaintiff's text messages were "already public by the time [they] posted the article and aired the podcast," Plaintiff cannot state a cognizable claim for public disclosure of private fact.  (Mot. to Dismiss at 8–9).  As Defendants only publicly discussed the text messages after they were posted on Mr. Chung's Instagram account, Plaintiff cannot maintain that there was privacy for a matter "already in the public domain."  *See, e.g.*, *Four Navy Seals v. Assoc. Press*, 413 F. Supp. 2d 1136 (S.D. Cal. 2005) (dismissing the plaintiff's disclosure of private facts claim in part because the photos has been previously publicly posted and concluding "no privacy [exists] for a matter already in the public domain").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-2306-MWF (AFMx) | Date:  August 19, 2019 |
| Title:     Matthew Hogan v. Matthew J. Weymouth, et al. | |

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiff's public disclosure of private fact claim.

### 3. False Light

"When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action." *Jackson v. Mayweather*, 217 Cal. Rptr. 3d 234, 256, 217 Cal. Rptr. 3d 234 (2017) (affirming dismissal of false light claims because they "suffer from the same fatal defects as [the plaintiff's] defamation claim").

Here, Defendants contend that Plaintiff's false light claim is predicated on the same conduct and statements that are alleged as the basis for the defamation claim. (Mot. to Dismiss at 9). Because the claim is duplicative, Defendants argue the claim necessarily fails. (*Id*.). The Court agrees with Defendants for the reasons already discussed in connection with the defamation claim. Because Plaintiff failed to state a cognizable defamation claim, he similarly fails to state a false light claim.

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiff's false light claim.

### 4. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, a plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or with reckless disregard of the probability of causing, emotional distress; (2) plaintiff suffered severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Swasey v. Seterus, Inc.*, No. 16-CV-1633-TLN-EFB, 2018 WL 3017554, at *13 (E.D. Cal. June 14, 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2306-MWF (AFMx)                              Date:  August 19, 2019
Title:      Matthew Hogan v. Matthew J. Weymouth, et al.

      Here, Defendants argue, and the Court agrees, that the claim for intentional infliction of emotional distress fails because Plaintiff fails to allege sufficient facts to establish that Defendants' conduct was "extreme and outrageous." (Mot. to Dismiss at 10). Plaintiff offers only a conclusory allegation that he has "suffered emotional distress, impairment to his reputation and standing in the community, personal humiliation, shame, and disgrace." (*See* Compl. ¶ 59). Plaintiff likewise provides no additional specific facts to support his assertion that Defendants' conduct was extreme or outrageous. (*See* Opp. to Motion to Dismiss at 7–8).

      Moreover, the two cases cited by Plaintiff in support of his arguments are easily distinguishable. Plaintiff first cites to *KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1030, 37 Cal. Rptr. 2d 431 (1995), for the proposition that Defendants' conduct reveal "an alarming absence of sensitivity and civility." In *KOVR-TV*, however, the Court of Appeal affirmed the Superior Court's denial of summary judgment on an intentional infliction of emotional distress claim where a reporter disclosed to two ***minors*** that the minors' neighbor murdered her two children and then committed suicide. *Id.* at 1027. The two minors and the neighbor's two children were playmates and the minors' reactions were filmed. *Id.*

      Plaintiff also cites to *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1260, 29 Cal. Rptr. 3d 521 (2005), for the proposition that a defendant's website entries, exposing and protesting an employee of an animal testing lab, could support a cause of action for intentional infliction of emotional distress. But in concluding that the plaintiff's allegations were sufficient to state a claim for intentional infliction of emotional distress, the Court of Appeal specifically noted that the defendant's website entries "target[ed] [the plaintiff] for illegal activity such as civil disobedience ***and threaten[ed] [the plaintiff's] safety***." *Id.* at 1240.

      Unlike in *KOVR-TV* and *Huntingdon*, Defendants are not alleged to have threatened Plaintiff and their conduct does not reveal an alarming absence of sensitivity and civility. Rather, Defendants republished Mr. Chung's public Instagram post and offered commentary on that post.

**CIVIL MINUTES—GENERAL**                                                                 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-2306-MWF (AFMx) | Date:  August 19, 2019 |
| Title:     Matthew Hogan v. Matthew J. Weymouth, et al. | |

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiff's claim for intentional infliction of emotional distress.

### III.   CONCLUSION

The Motion to Dismiss is **GRANTED** *with leave to amend* and the Motion to Strike is **DENIED** *as moot*.

Plaintiff shall file a First Amended Complaint ("FAC"), if any, by **August 12, 2019**.  Failure to file a FAC by the deadline will result in dismissal of the action with prejudice.  Defendants shall file a response to the FAC on or before **August 26, 2019**.

IT IS SO ORDERED.